ORTHODOX GREEK CATHOLIC CHURCH and Others.— Motion granted. Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.

THE PEOPLE OF THE STATE OF NEW YORK v. STELLA BARLOW, Principal, PETER CANNIZZARO, Surety, Respondent.— Motion denied. Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.

In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by JAMES A. BEHA, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Assets of the SECOND RUSSIAN INSURANCE COMPANY.— Motion denied, with ten dollars costs. Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.

In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by JAMES A. BEHA, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Assets of the SECOND RUSSIAN INSURANCE COMPANY.— Motion denied, with ten dollars costs. Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.

GRACE H. GRIFFIN v. WILLIAM H. GRIFFIN.— Motion denied, with ten dollars costs. Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.

In the Matter of the Application of ISIDORE SOLOMON for Admission to the Bar.— Referred to the Committee on Character and Fitness. Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.

MARION S. BALDWIN v. IVAN M. TAYLOR.— Motion granted. Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.

VICTOR MELNECHUCK, Individually, etc., and Others v. TIMOTHY CHOMKOWITZ and Others.— Motion denied, with ten dollars costs. Present — Dowling, P. J., Merrell, Martin, O'Malley and Proskauer, JJ.

---

## SECOND DEPARTMENT, MARCH, 1927.

REDONDO STEAMSHIP COMPANY, INC., Respondent, v. IRVING BANK-COLUMBIA TRUST COMPANY and Another, Defendants, Impleaded with KERR STEAMSHIP COMPANY, INC., and Another, Appellants.

*Banks and banking — action by alleged assignee to recover fund deposited in bank — judgment that appellants have no interest in fund is reversed — error to prevent appellants from proving counterclaim — receiver in supplementary proceedings represents creditors of judgment debtor — legal title of receiver relates to date of service of third party order.*

Appeal by defendants, Kerr Steamship Company, Inc., and another, from a judgment of the Supreme Court, entered in the Kings county clerk's office on February 15, 1926, upon the decision of the court, rendered after a trial at the Kings Special Term.

PER CURIAM. We are of opinion that the judgment, in so far as it finds that the judgment creditors Kerr Steamship Company, Inc., Indemnity In urance Company of North America, and Benjamin Harris, as receiver of the property of Frank Auditore, had or have no rights in the fund in issue here, must be reversed. The finding " that the plaintiff is entitled to the balance of the said fund " should be reversed, because the defendants mentioned were erroneously prevented from giving evidence of their counterclaim setting up ownership of the fund. The